# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BELINDA DOZIER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:05-0323 |
| ) | Judge Nixon |
| JO ANNE B. BARNHART, ) | Magistrate Judge Knowles |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings ("Motion") (Doc. No. 15). Defendant ("Defendant" or "Commissioner") has filed a Response in Opposition to Plaintiff's Motion, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. (Doc. No. 17). Magistrate Judge Knowles ("Magistrate Judge") has issued a Report and Recommendation ("Report") that Plaintiff's Motion be denied and that the decision of the Commissioner be affirmed. (Doc. No 18). Plaintiff timely filed Objections to the Magistrate Judge's Report and Recommendation ("Objections") (Doc. No. 19). Upon review of the Magistrate Judge's Report and for the reasons stated below, the Court **REJECTS** the conclusions of the Magistrate Judge's Report, **GRANTS** Plaintiff's Motion for Judgment on the Pleadings, and **REMANDS** for further proceedings consistent with this opinion.

---

[1] Michael J. Astrue was sworn in as Commissioner of Social Security on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d)(1) and the last sentence of 42 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as Defendant in the above-captioned case, and no further action is necessary to continue this case.

-1-

I. **BACKGROUND**

A. **Procedural Background**

Plaintiff filed her application for Disability Insurance Benefits ("DIB") on September 18, 2002, alleging that she had been disabled since March 6, 2002, due to back pain radiating into her legs, knee pain, and depression.[2] (Doc. No. 15; Record ("TR") 12-13). Plaintiff's application was denied both initially (TR 20-21) and upon reconsideration (TR 22-23). Plaintiff subsequently requested (TR 31-32) and received (TR 313-339) a hearing. Plaintiff's hearing was conducted on November 29, 2004, by Administrative Law Judge ("ALJ") William F. Taylor. (TR 12, 313). Plaintiff, vocational expert ("VE"), Gordon Doss, Ph.D, ("Dr. Doss") and Plaintiff's husband, James Dozier, appeared at the hearing and testified. (TR 12, 313).

On December 10, 2004, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations ("Act"). (TR 9-18). Specifically, the ALJ made the following findings of fact:

1. The insured status requirements of the Act were met as of the alleged onset date.

2. No substantial gainful activity has been performed since the alleged onset date.

3. The claimant has "severe" impairments including: lumbar spinal disc disease and bilateral chondromalacia patella (status post an arthroscopic surgery on each knee).

4. No impairment or combination thereof meets or equals the disability criteria of an impairment listed at Appendix One to Subpart P, 20 CFR Part 404.

---

[2] Plaintiff also filed an application for SSI on February 17, 2004. (See TR 12). Because Plaintiff's "case was already at the hearing level pursuant to a timely request" when she filed her application for SSI, Plaintiff's application "was escalated to hearing." Id.

5. The subjective allegations of disability are not credible.

6. The claimant retains the residual functional capacity for a limited range of light work (lift/carry 20 pounds occasionally and 10 pound [sic] frequently; stand/walk for 6 out of 8 hours; sit throughout a normal workday with a sit/stand option; inability to push/pull more than 32 pounds; occasionally engage in postural activities such as stooping and crouching; and inability to tolerate exposure to excessive vibration and hazards such as unprotected heights).

7. The residual functional capacity precludes all past relevant work.

8. The claimant is a younger individual.

9. The claimant has a high school education.

10. The claimant has no transferable work skills.

11. If the claimant could perform the full range of light work, considering the vocational factors of age, education and work experience, a directed conclusion of "not disabled" would result under Rule 202. 21 of Appendix Two to Subpart P, 20 CFR Part 404.

12. Although nonexertional limitations preclude performance of the full range of light work, using the above-cited Rule as a framework for decision making, a significant number of jobs exist in the national economy which could be performed, considering the residual functional capacity and vocational factors. Examples of such jobs include: counter clerk; general office clerk; receptionist; and information clerk.

13. The claimant has not been under a disability through the date of this decision.

(TR 17-18).

Case 3:05-cv-00323    Document 20    Filed 08/16/07    Page 3 of 14 PageID #: 129

On December 16, 2004, Plaintiff timely filed a request for review of the hearing decision. (TR 7). On February 23, 2005, the Appeals Council issued a letter declining to review the case (TR 4-6), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c)(3). On December 5, 2006, the Magistrate Judge recommended that Plaintiff's Motion be denied. (Doc. No. 18). Plaintiff asserts one Objection to the Magistrate Judge's findings. (Doc. No. 19). Plaintiff argues that the ALJ failed to comply with the requirements of Social Security Ruling ("SSR") 00-4p and, consequently, the Magistrate Judge should have found that the Commissioner failed to meet his burden of demonstrating a significant number of jobs Plaintiff can perform consistent with her residual functional capacity ("RFC"). (Doc. No. 19 at 2).

**B.     Factual Background**

The Court adopts that portion of the Magistrate Judge's Report that addresses Plaintiff's medical evidence. (Doc. No. 18 at 4-25)

**C.     Relevant Hearing Testimony**

VE Dr. Doss testified at Plaintiff's hearing. (TR 320-21, 335-38). The ALJ presented the VE with a hypothetical claimant with limitations consistent with Plaintiff's RFC and asked if the hypothetical claimant would be able to do any of the work that Plaintiff had done in the past. (TR 335-36). The VE answered that the hypothetical claimant would not be able to perform any of Plaintiff's past relevant work. (TR 336).

The ALJ asked what positions this person could perform, and the VE stated that the person would be able to do some light and sedentary work. (Id.). The VE opined that, in the

-4-

state of Tennessee, there would be approximately 1,635 unskilled sedentary general office clerk positions, 7,847 unskilled light general office clerk positions, 1,047 unskilled light counter clerk positions, 1,698 unskilled sedentary receptionist positions, 1,273 unskilled light receptionist positions, and 1,698 unskilled sedentary information clerk positions, all of which would be appropriate for the hypothetical claimant. (TR 336-37). The VE testified that, in addition to the enumerated available positions, there would also be other positions of the same nature that would be appropriate for the hypothetical claimant. (Id.).

## II. STANDARD OF REVIEW

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. Jones v. Sec'y, 945 F.2d 1365, 1369 (6th Cir. 1991). The Court's review of the portions of the Report to which Plaintiff objects is *de novo*. 28 U.S.C. § 636(b). The purpose of this review is to determine: (1) whether substantial evidence exists in the record to support the Commissioner's decision; and (2) whether any legal errors were committed in the process of reaching that decision. Landsaw v. Sec'y, 803 F.2d 211, 213 (6th Cir. 1986).

Under the first prong of the review's purpose, "substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." Her v. Comm'r, 203 F.3d 388, 389 (6th Cir. 1999) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." Bell v. Comm'r, 105 F.3d 244, 245 (6th Cir. 1996) (citing Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner

-5-

Case 3:05-cv-00323 Document 20 Filed 08/16/07 Page 5 of 14 PageID #: 131

if substantial evidence supports the Commissioner's findings and inferences. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the ALJ must stand if substantial evidence supports the conclusion reached. Her, 203 F.3d at 389 (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. Hurst v. Sec'y, 753 F.2d 517, 519 (6th Cir. 1985) (citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).

Under the second prong of the review's purpose, finding "legal errors" requires determining whether the Commissioner applied the correct legal standard to the evaluation. See Preslar v. Sec'y of Health & Human Servs., 14 F.3d 1107, 1113 (6th Cir. 1994). Generally, the Commissioner's determination is entitled to deference by the court. See Whiteside v. Sec'y of Health & Human Servs., 834 F.2d 1289, 1292 (6th Cir. 1987); Merz v. Sec'y of Health & Human Servs., 969 F.2d 201, 203 (6th Cir. 1992); Salamackis v. Comm'r of Soc. Sec., 221 F.3d 828, 832 (6th Cir. 2000).

## III. PROCEEDINGS AT THE ADMINISTRATIVE LEVEL

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" is considered to be any previous work performed by the claimant, as well as any other relevant work that exists in the national economy in significant numbers. In determining whether work

-6-

Case 3:05-cv-00323 Document 20 Filed 08/16/07 Page 6 of 14 PageID #: 132

exists in the national economy, the ALJ need not consider whether such work exists in the immediate area in which claimant lives, whether a specific job vacancy exists, or whether claimant would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

1. If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.

2. If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.

3. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.

4. If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.

5. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920; see also Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by coming forward with particularized proof of the claimant's individual vocational qualifications to

perform specific jobs. See Varley v. Sec'y, 820 F.2d 777, 779 (6th Cir. 1987). This is typically obtained through VE testimony. Id.

In 2000, the Commissioner promulgated SSR 00-4p in order to clarify the standards for the use of VEs who provide evidence at hearings before ALJs. Soc. Sec. Rul. 00-4p, 65 Fed. Reg. 75759 (Dec. 4, 2000). SSR holdings "are binding on all components of the Social Security Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1).

SSR 00-4p explains that, in making disability determinations, the Commissioner will rely primarily on the Dictionary of Occupational Titles ("DOT") for information about the requirements of work in the national economy. Soc. Sec. Rul. 00-4p, 65 Fed. Reg. 75759 (Dec. 4, 2000). Generally, a VE's testimony should be consistent with the DOT. Id. "At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." Id. In the event there is an apparent conflict, the ALJ must give reasons for how that conflict is resolved before he may properly rely on VE testimony to satisfy the Commissioner's burden at step five, demonstrating a significant number of positions Plaintiff could perform. Id.

## IV. PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT

### A. Plaintiff Objects to the Magistrate Judge's Conclusion that the ALJ Did Not Err in Finding That the Commissioner Had Satisfied His Burden of Demonstrating a Significant Number of Jobs Plaintiff Could Perform.

The Magistrate Judge found that there was no conflict between the VE's testimony and the DOT and, therefore, that the Commissioner had met his obligation, through the VE's

testimony, to demonstrate a significant number of jobs Plaintiff could perform. Plaintiff contends that the ALJ failed to comply with SSR 00-4p because he did not "inquire as to potential conflicts between vocational expert evidence and the DOT." (Doc. No. 16). Specifically, Plaintiff argues that it was improper for the ALJ to find that the Commissioner had met his burden because it was not clear whether the jobs the VE listed as appropriate were consistent with the DOT and Plaintiff's medically assessed physical limitations. Id. Plaintiff argues that the ALJ's failure in this case to inquire into inconsistencies between the VE testimony and the DOT requires remand. (Doc. No. 16).

### 1. The Magistrate Judge Correctly Found That Plaintiff Could Not Perform the General Office Clerk, Receptionist or Counter Clerk Positions.

The VE testified that four positions were available for the hypothetical claimant: general office clerk, receptionist, counter clerk and information clerk. The Magistrate Judge correctly found that the general office clerk and receptionist positions do not constitute jobs that Plaintiff can perform as they conflict with her RFC, specifically, the determination that Plaintiff can only perform a reaching motion on an occasional basis. (Doc. No. 18 at 34). The Magistrate Judge also correctly found that the VE's testimony regarding the counter clerk positions was ambiguous and, therefore, could not constitute evidence of jobs that Plaintiff could perform. (Id.). The DOT contains two entries entitled "counter clerk," only one of which Plaintiff could perform consistent with her RFC. (Doc. No. 18 at 34-5). The VE did not specify which counter clerk position he was referring to when he stated that there were 1,047 counter clerk positions available. (TR 336). The parties agree that, "in the event that the VE meant [the counter clerk position inconsistent with Plaintiff's RFC], there would be no substantial evidence that [counter

-9-

Case 3:05-cv-00323   Document 20   Filed 08/16/07   Page 9 of 14 PageID #: 135

clerk] jobs [consistent with Plaintiff's RFC] exist in significant numbers in the national economy." (Doc. No. 17 at 8). The Court adopts the Magistrate Judge's finding that the VE's testimony regarding the general office clerk, receptionist and counter clerk positions cannot fulfill the Commissioner's burden at step five. (See Doc. No. 18 at 35).

2. **The VE's Testimony as to the "Information Clerk" Was Ambiguous and Conflicted with the DOT.**

The Magistrate Judge found that there was no ambiguity surrounding the information clerk position. (Doc. No. 18 at 35). However, this Court finds that there is a conflict between the VE testimony and the DOT, rendering it unclear whether the information clerk position is one that Plaintiff could perform consistent with her RFC.

The VE testified that there were 1,698 sedentary information clerk positions in the state of Tennessee that would be appropriate for the hypothetical claimant. (TR 337). Although there are two DOT entries regarding information clerk positions, only one pertains to information clerk positions at the sedentary level. DICOT 237.367-018 and 237.367.-022. The Magistrate Judge found that the VE must have been referring to the sedentary position and, therefore, that there was no ambiguity regarding the information clerk position. (Doc. No. 18 at 35). Thus, the Magistrate Judge found that the Commissioner had met his burden at step five by demonstrating a significant number of jobs that Plaintiff could perform despite her limitations. (Id.).

This Court rejects that portion of the Magistrate's Report that found that the VE's testimony as to the availability of information clerk positions was unambiguous. The VE's testimony referred to an information clerk position that was both sedentary and unskilled. (TR 336-7). The DOT lists two jobs that fall within the category of information clerk. One of these

-10-

is a light job, 237.367-018, and one is sedentary, 237.367-022. The sedentary position, 237.367-022, is classified as a semi-skilled position, having a specific vocational preparation ("SVP") level of 4.[3] The information clerk position classified as light, 237.367-018, is considered an unskilled position, having an SVP of 2. The VE testified that all of the 1,698 information clerk positions that he was describing were both unskilled *and* sedentary. (TR 336-37). Therefore, it is not clear which information clerk position the VE was referring to when testifying to the 1,698 unskilled and sedentary positions that the Plaintiff could perform. Either the VE was referring to the semi-skilled and sedentary position, 237.367-022, which is within Plaintiff's RFC, or the VE was referring to the unskilled and light position, 237.367.-018, which Plaintiff can not perform due to her RFC.

The Magistrate Judge should have found that the VE's testimony regarding the information clerk position, much like his testimony regarding the counter clerk position, was ambiguous and failed to support the Commissioner's burden at step five of demonstrating a significant number of jobs that Plaintiff could perform. Thus, after review, the Court finds that the VE's testimony regarding "unskilled sedentary" information clerk positions is in conflict with the DOT which describes only a semi-skilled and sedentary position or, alternatively, an unskilled and light position.

---

[3] See Soc. Sec. Rul. 00-4p, 65 Fed. Reg. 75759 (Dec. 4, 2000)("Using the skill level definitions in 20 CFR 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT."); Lancaster v. Comm'r of Soc. Sec., No. 06-5859, 2007 WL 1228667 (6th Cir. April 26, 2007).

Case 3:05-cv-00323   Document 20   Filed 08/16/07   Page 11 of 14 PageID #: 137

### 3. The Commissioner Failed to Meet His Burden at Step Five of Demonstrating a Significant Number of Jobs that Plaintiff Could Perform, and Therefore, Remand is Appropriate.

Courts are divided as to whether the failure to comply with SSR 00-4p entitles a Plaintiff to relief. In Steward v. Barnhart, the Ninth Circuit found that a plaintiff was entitled to relief because all three jobs the expert testified that plaintiff could perform were in conflict with the DOT. 44 F.App'x 151, 152 (9th Cir. 2002) (unpublished case). In a Sixth Circuit case where "[i]t [was] undisputed that the ALJ failed to question the VE regarding whether the jobs she identified as being consistent with Plaintiff's residual functional capacity (RFC) conflicted with the DOT," the district court found that the ALJ "failed to ensure there was no conflict" and held that the ALJ's failure to carry its burden at this step is reversible error. Teverbaugh v. Comm'r of Soc. Sec., 258 F.Supp.2d 702, 705-6 (E.D. Mich. 2003). The Sixth Circuit has stated that inconsistencies between VE testimony and the DOT, while not requiring automatic reversal, can influence whether there is substantial evidence to support the ALJ's decision. See Lancaster, 2007 WL 1228667, at *10-11, *14 ("[A]dopting a middle ground approach, in which neither the DOT nor the vocational expert testimony is per se controlling, permits a more straightforward approach."). In Lancaster, much like in this case, the VE testified that the plaintiff could perform jobs that were inconsistent with the plaintiff's limitations and inconsistent with the DOT. Id. at *11. While finding that such inconsistencies were not dispositive in that case, in reversing the Commissioner's decision, the court repeatedly noted the ALJ's failure to ensure "that all jobs enumerated by the [VE] were consistent with the DOT." Id. at *11, *14.

The ALJ in the instant case neither acknowledged any conflict between the DOT and the VE's testimony, nor elicited any explanation for the conflict. The parties agree that three of the

-12-

four positions that the VE testified that Plaintiff could perform, receptionist, general office clerk and counter clerk, are clearly inappropriate given Plaintiff's RFC. As the Court found above, given the conflict between the VE testimony and the DOT, it is not clear that the fourth position, that of information clerk, is one that Plaintiff could perform. Therefore, it is not clear that any of the positions offered by the VE are compatible with Plaintiff's RFC and the DOT.

The burden at step five of proving jobs a claimant can perform is on the Commissioner. See Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). Because the VE's testimony was the only step-five evidence that the ALJ relied upon, the Court cannot rule that there is substantial evidence to support the ALJ's findings. Therefore, the Court finds that there is not substantial evidence to support the ALJ's step-five finding that the Commissioner demonstrated that Plaintiff could perform a significant number of jobs despite her limitations. When there is not substantial evidence to support one of the ALJ's factual findings and his decision must therefore be reversed, the appropriate remedy is to remand the case pursuant to sentence four of 42 U.S.C.§ 405(g) for further consideration.[4] Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175-76 (6th Cir. 1994).

## III. CONCLUSION

The Court finds that the Commissioner failed to carry his burden at step five of demonstrating a significant number of jobs that Plaintiff could perform consistent with her RFC.

---

[4] Sentence four of 42 U.S.C. § 405(g) reads: "The Court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

-13-

Three of the four positions that the VE testified Plaintiff could perform are inappropriate given her RFC limitations. Further, the VE testified that 1,698 "unskilled sedentary" information clerk positions were available to Plaintiff. However, according to the DOT there is no information clerk position that is both unskilled and sedentary. Therefore, it is unclear whether the information clerk position about which the VE testified is consistent with Plaintiff's RFC.

For the reasons stated above, this Court **GRANTS** Plaintiff's Motion for Judgment on the Pleadings, **REVERSES** the decision of the Commissioner, **DENIES** Defendant's Motion and **REMANDS** for further proceedings consistent with this Order.

It is so ORDERED.

Entered this the \_\_17th\_\_ day of \_\_August\_\_, 2007.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT